816 F.2d 683
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rosetta J. WASHINGTON, Plaintiff-Appellant,
v.
KERR MANUFACTURING COMPANY, Defendant-Appellee.
 Nos. 86-1304, 86-1604.
 United States Court of Appeals, Sixth Circuit.
 April 15, 1987.
 
 Before KEITH, KENNEDY, and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff brought an eight-count complaint against her employer, defendant Kerr Manufacturing Company ("Kerr"), alleging (1) race and sex discrimination in promotions, (2) demotions, (3) harmful racial atmosphere, (4) retaliation, (5) breach of employment contract, (6) negligence, (7) intentional infliction of emotional distress, and (8) fraudulent misrepresentation. The court granted summary judgment as to the intentional infliction of emotional distress. Plaintiff voluntarily dismissed on the third day of trial all claims except fraudulent misrepresentation and breach of contract. At the close of the trial, the District Court granted defendant's motion for directed verdict as to these claims.
 
 
 2
 The District Court also imposed sanctions under Rule 11, Fed.R.Civ.P., for maintaining a meritless suit. This appeal followed.
 
 
 3
 Plaintiff's fraud claim was that Kerr president, Russell Nelson, reported in Newsline, a company information sheet, that training programs were being developed to assist females and minority employees to prepare themselves for openings for which in the past they could not be considered. As a second misrepresentation, she testified that her supervisors had promised her that she would be considered for promotion if she continued her education. Neither of these representations could constitute fraud. As stated by the Michigan Supreme Court in Hi-Way Motor Co. v. International Harvester Co., 398 Mich. 330 (1976):
 
 
 4
 [A]n action for fraudulent misrepresentation must be predicated upon a statement relating to a past or an existing fact. Future promises are contractual and do not constitute fraud.
 
 
 5
 Both of the misrepresentations here involve future promises. Further, plaintiff introduced no evidence which supports the falsity of either misrepresentation. Kerr employees may take courses to pursue academic degrees or specialized courses to enhance their job skills and promotion opportunities. The company reimburses them in full for tuition where they receive passing grades. Indeed plaintiff received an associate degree, a bachelor of science degree in marketing and a law degree while working at Kerr, for all of which she received reimbursement of tuition, totalling over $18,000. Thus, plaintiff simply failed to prove a misrepresentation regarding education and training. Nor did plaintiff prove any breach of the representation that she would be provided with opportunities for advancement and promotion if she continued her education. She was given the opportunity to apply for promotions. The fact that she did not receive them does not mean that there was a misrepresentation. Plaintiff testified that she had applied for a number of positions and that there were other positions she did not apply for.
 
 
 6
 Plaintiff's second claim is that defendant represented that all job openings and promotions would be posted and that she would have the opportunity to bid on those jobs for which she qualified; that it failed to post certain jobs giving rise under Toussaint v. Blue Cross & Blue Shield, 408 Mich. 579 (1980), to the right to damages for breach of this term of her employment.
 
 
 7
 In granting the motion for directed verdict, the District Court noted that plaintiff was not qualified for the jobs for which she had applied, and clearly she was not as qualified as those hired.
 
 
 8
 With respect to the failure to post job openings or promotions, plaintiff's evidence was directed toward three particular jobs. One Lena Cooper was upgraded from analytical chemist to production control chemist. She performed the same work both before and after the job was upgraded. Plaintiff argues that the jury should have been permitted to find that this was a promotion that should have been posted. However, as the District Court pointed out, plaintiff, who had only a course in Introduction to Chemistry and Chemistry I and II, was not qualified for an analytical chemist's job. Although Cooper did not have a degree in chemistry, in addition to Chemistry I and II, she had taken college courses in quantitative analysis, qualitative analysis, and organic chemistry, and had been doing analytical analysis for a number of years.
 
 
 9
 The second position, market analyst, required data processing experience which plaintiff did not have. The third job was one in marketing which plaintiff states went to one Mary Steffen. The record is silent as to what the qualifications for that job were and as to Ms. Steffen's qualifications. More importantly, although there is evidence as to Ms. Steffen's salary for certain years, there is no evidence as to plaintiff's salary at the time plaintiff claims Ms. Steffen received this position. Plaintiff's later salaries are higher than Ms. Steffen's. Thus, there is no evidence plaintiff suffered any damages, an essential element of her claim.
 
 
 10
 We have reviewed the record and agree with the District Court's holding that plaintiff had failed to present evidence from which the jury could find any Toussaint violation.
 
 
 11
 The District Court awarded attorney fees to defendant pursuant to Rule 11, Fed.R.Civ.P. Although we agree with the District Court that many of plaintiff's claims should not have been brought or should have been dismissed earlier, we cannot agree that there was no basis for the breach of contract (Toussaint ) claim; nor does the record reveal that plaintiff knew she could not prove damages. The District Court did not apportion defendant's attorney fees and it would appear that most, if not all, would have been incurred in defending the Toussaint claim. We therefore REVERSE the order of the District Court imposing sanctions.
 
 
 12
 Plaintiff also asserts that the conduct of the trial judge deprived her of a fair trial. The comments of which plaintiff complains were not made in the presence of the jury. Plaintiff does not point to any erroneous evidentiary rulings. We can understand the trial judge's irritation at plaintiff adding claims and then offering no evidence to support them yet not withdrawing them until well into the trial, especially when plaintiff herself was a lawyer. Plaintiff was not denied a fair trial.
 
 
 13
 The judgment of the District Court dismissing plaintiff's action is AFFIRMED.